IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00318-REB-BNB

SUZANNE SHELL,

Plaintiff,

v.

JOLENE DEVRIES,
ANNA HALL OWEN, and
UNKNOWN DEFENDANT DOE,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Motion to Dismiss Pursuant to F.R.C.P. Rule 12(B)(6) and for Attorneys' Fees and Costs Pursuant to 17 U.S.C. § 505** [Doc. #5, filed 3/17/06] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED insofar as its seeks dismissal of this case and DENIED to the extent it seeks an award of attorneys' fees.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff filed her First Amended Complaint (the "Complaint") on March 6, 2006 [Doc. #4]. The Complaint contains the following allegations:

1. The plaintiff is the author and copyright owner of an internet website entitled www.profane-justice.org. *Complaint*, ¶ 1, 31.

2. On or about February 24, 2004, the defendants obtained a copy of ten pages of the plaintiff's website, and "transmitted that copy to their computer or computers, without seeking or obtaining [the plaintiff's] permission and without paying license fees and without negotiating a license fee reduction or waiver." Id. at ¶¶ 23, 31-32.

3. "The purpose and character of the defendants' use was to seek an order from the court against Shell in the form of an award of Owen's attorney fees and costs." Id. at ¶ 36e-f. The defendants attached the material as an exhibit to a motion for attorney fees and costs in Case No. 03-cv-00743-REB-MJW [Doc. #95, filed February 26, 2004], filed by the plaintiff in this Court on April 25, 2003. Id. at ¶¶ 2-4, 36e-f.

The Complaint alleges three causes of action: (1) copyright infringement in violation of 17 U.S.C. §§ 101 et seq.; (2) "civil theft"; and (3) breach of contract. Id. at pp. 8-18. The plaintiff seeks monetary and injunctive relief. Id. at pp. 18-20.

### III.  ANALYSIS

### A.  Claim One: Copyright Act

The defendants assert that the use of copyrighted material in judicial proceedings is inherently "fair use" as a matter of law and, therefore, Claim One does not state a claim for infringement of the Copyright Act. *Motion*, pp. 4-6.

The Copyright Act grants a copyright owner exclusive rights in the copyrighted works. 17 U.S.C. § 106. However, the Act contains a "fair use" privilege which allows others to use the copyrighted material in a reasonable manner despite the lack of the owner's consent:

> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include--
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Fair use is a statutory defense to copyright liability. Id.

The defendants assert that "[t]he use of copywritten [sic] material in judicial proceedings is inherently 'fair use' as a matter of law" based on "the plain language of the legislative history

surrounding the adoption of the 'Fair Use' provision." While it is true that both the United States Senate and the United States House of Representatives have recognized that judicial use of copyrighted materials may constitute fair use, S.Rep.No. 94-473, pp. 61-62 (1975); H.R.Rep.No. 94-1476, p. 65 (1976), the United States Supreme Court has clearly stated that fair use must be determined on a case-by-case basis. Campbell, 510 U.S. at 577. Thus, the use of copyrighted material in judicial proceedings is not *inherently* fair use. Indeed, the use of copyrighted material in judicial proceedings has been found in some cases *not* to constitute fair use.

In Images Audio Visual Productions v. Perini Bldg Co., 91 F. Supp.2d 1075 (E.D. Mich. 2000), the plaintiff held copyrights for photographs of a construction site. The photographs were intended to serve, among other purposes, as an evidentiary record of progress in the event a dispute occurred during or after construction. When a dispute arose and the parties entered into arbitration proceedings, the construction company made photocopies of the plaintiff's photographs instead of paying the plaintiff for the copies. When sued by the plaintiff for copyright infringement, the construction company argued that its reproduction of the photographs for use in the arbitration proceedings constituted fair use. In determining that the construction company did not make fair use of the photographs, the court distinguished "between copyrighted works that happen to capture information that proves relevant to subsequent litigation, and works that are intended to capture such information, specifically for the purpose of litigation." Id. at 1086. The court held that where judicial proceedings are one of the intended markets of the copyrighted work, "the copyright holder is entitled to exercise control over the use of his works within this market; the fair use doctrine does not require the wholesale abandonment of copyright protection at the courthouse door." Id.

In contrast, where use of the copyrighted material as evidence in a judicial proceeding does not put the material to its intrinsic use, courts have found fair use of the material. Religious Technology Center v. Wollersheim, 971 F.2d 364, 367 (9th Cir. 1992) (finding fair use where defendants copied and distributed religious scriptures from former members of the Scientology Church and gave them to expert witnesses for the purpose of preparing testimony in a state tort litigation); Jartech v. Clancy, 666 F.2d 403, 406-07 (9th Cir. 1982) (finding fair use where defendants made abbreviated copies of adult movies for use as evidence in a nuisance abatement proceeding).

### 1. Purpose and Character of the Use

The first factor I must examine is "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1).

> The central purpose of this investigation is to see . . . whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is "transformative." Although such transformative use is not absolutely necessary for a finding of fair use, the goal of copyright, to promote science and the arts, is generally furthered by the creation of transformative works. Such works thus lie at the heart of the fair use doctrine's guarantee of breathing space within the confines of copyright, and the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use.

Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 579 (1994) (internal quotations and citations omitted). Use of the material for the intrinsic purpose for which it was prepared balances the weight of the first factor against fair use.

The Complaint alleges that the content of the website "is intended to generate income" and that "the nature of the infringed work was an exclusive publication containing creative analysis and commentary about events occurring related to the lawsuit." *Complaint*, ¶¶ 21, 36i. The Complaint does not contain any allegations to support a reasonable inference that the defendants used the material for the intrinsic purpose for which it was prepared, *i.e.* that they used the "creative analysis and commentary about events" to generate income. Nor are there any allegations to support a reasonable inference that the defendants' use of the material was commercial in nature. To the contrary, the Complaint alleges that the defendants used the copyrighted portion of the plaintiff's website as an exhibit to a motion for attorneys' fees. There are no allegations that the defendants used the materials for any other purpose. Thus, the first factor weighs heavily in favor of fair use.

### 2. The Nature of the Copyrighted Work

The second factor to consider is the "nature of the copyrighted work." 17 U.S.C. § 107(2). "In general, fair use is more likely to be found in factual works than in fictional works." Stewart v. Abend, 495 U.S. 207, 237 (1990). "The law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy." Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 563 (1985).

The materials are entitled "Lawsuit in United States District Court for the District of Colorado Civil Action No. 03-RB-1743(MJW)." *Complaint*, second consecutive attachment, p. 1. The materials provide a time-line of events leading up to the lawsuit as well as a time-line of events that occurred during the lawsuit. Because the materials are primarily a chronology of

events, the materials are more factual in nature than creative.[1]  Thus, the second factor also weighs in favor of fair use.

### 3. Amount and Substantiality of the Portion Used

The third factor I must examine is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole."  17 U.S.C. § 107(3).  The Complaint alleges that the defendants "obtained a copy of a significant chapter of Shell's website, specifically 10 pages dealing with Shell's civil rights lawsuit against Owen . . . ."  *Complaint*, ¶ 23.  The Complaint further alleges that "[t]he amount and substantiality of the work infringed consisted of the entire content involving Fremont County and Shell's competitors in Fremont County.  This content was meant to stand alone as a complete representation of the concept explored."  Id. at ¶ 36j.  It is unclear from the allegations of the Complaint exactly how much of the website was used, and how substantial the used portion is in relation to the entire website.

Even if I assume that the entire website was used,  "the fact that an entire work was copied does not . . . preclude a finding of fair use."  Sega Enterprises Ltd. v. Accolade, Inc., 977 F.2d 1510, 1526 (9th Cir. 1992).  Where the use of the work was limited, as it was here, the third factor carries very little weight.  See id. at 526-27.

---

[1]The plaintiff alleges in the Complaint that the materials are "singularly creative, containing insightfully unique results of her research which is not available from any other source, as well as containing editorial commentary, discussion, analysis, and legal documents which are not generally available anywhere else."  *Complaint*, ¶ 36h.  The plaintiff attaches the materials to the Complaint.  The materials are simply a chronology of the plaintiff's version of the events surrounding her lawsuit.

#### 4. Effect on the Market

The fourth factor focuses on "the effect of the use upon the potential market for or value of the copyrighted work." "This last factor is undoubtedly the single most important element of fair use." Harper & Row, 471 U.S. at 566. "Fair use, when properly applied, is limited to copying by others which does not materially impair the marketability of the work which is copied." Id. at 566-67.

The Complaint alleges only that the defendant's use of the materials deprived the plaintiff of the income from defendants for the license fees. *Complaint*, ¶ 36k. The Complaint does not allege that the marketability of her work is impaired. Indeed, it is impossible to imagine how the defendants' use of the materials as an exhibit to a motion for attorneys' fees could in any way impact the marketability of the materials.

My analysis of the fair use factors weighs heavily in favor of the defendants. Accepting all well-pleaded allegations as true and construing all reasonable inferences in favor of the plaintiff, the Complaint alleges a fair use of the copyrighted materials. Therefore, the Complaint fails to state a claim for copyright infringement. I RECOMMEND that Claim One be dismissed for failure to state a claim upon which relief can be granted.

### B. State Law Claims

Claims Two and Three assert causes of action for civil theft and breach of contract, respectively. I construe these claims solely as state-law-based claims. This Court may decline to exercise supplemental jurisdiction over the plaintiff's state law claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because I have recommended dismissal of the plaintiff's copyright claim for failure to state a claim upon which

relief can be granted, I respectfully RECOMMEND that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.

### C.  Attorneys' Fees

The defendants seek attorneys' fees pursuant to the Copyright Act, 17 U.S.C. § 505. Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Supreme Court has stated that, in determining whether attorneys' fees should be awarded, courts may consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . as long as such factors are faithful to the purposes of the Copyright Act . . . ."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n.19 (1994).

The plaintiff's claims required an analysis and an application of the facts to the law. Although I have recommended that the claims be dismissed, I find that the action was not wholly frivolous.  I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks attorneys' fees.

### IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of this case.

9

I further RECOMMEND that the Motion be DENIED insofar as it seeks an award of attorneys' fees to the defendants.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 15, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge