**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00318-REB-BNB

SUZANNE SHELL,

      Plaintiff,

v.

JOLENE DEVRIES,
ANNA HALL OWEN, and
UNKNOWN DEFENDANT DOE,

      Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER

**Blackburn, J.**

This matter is before me on **Plaintiff Shell's Verified Motion To Reconsider** [#26], filed February 16, 2007. The defendants have filed a response [#27] and the plaintiff has filed a reply [#34]. I deny the motion.

On January 31, 2007, I entered an order [#23] adopting the recommendation of the magistrate judge, and granting the defendants' motion to dismiss. Judgment [#24] was entered on February 5, 2007. In her motion, the plaintiff asks that my order adopting the recommendation of the magistrate judge, and granting the defendants' motion to dismiss, be vacated. She asks also that both Magistrate Judge Boland and I be recused from this case.

Though captioned as a motion to reconsider, the plaintiff's motion properly is considered as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a

motion for relief from judgment under FED. R. CIV. P. 60.  The essence of the relief sought by the plaintiff is that I vacate the court's judgment in this case.  FED. R. CIV. P. 59 provides that a party may move "to alter or amend a judgment" in a motion filed within ten days of the judgment.  Viewed as a motion under rule 59, the plaintiff's motion is timely.  Rule 59 permits a court to "open the judgment if one has been entered, . . . make new findings and conclusions, and direct the entry of a new judgment.  The primary bases for a motion under Rule 59(e) are:

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

**Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Rule 60 provides that a court may relieve a party from a final judgment based on various reasons, including mistake, inadvertence, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment."  FED. R. CIV. P. 60 (b).

      None of these circumstances pertains here.  The plaintiff details in her motion her disagreement with my legal conclusions.  She does not demonstrate an intervening change in the law, the existence of new evidence, a mistake, or the need to correct clear error or to prevent manifest injustice.  Rather, the plaintiff continues to argue that the legal conclusions of this court are incorrect.  I disagree.  Accordingly, whether considered under Rule 59 or 60, the plaintiff's motion for reconsideration must be denied.

      The plaintiff asks also that Magistrate Judge Boland and I be recused from this case.  As a general rule, recusal is required when "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality."  **Maez v. Mountain**

2

*States Tel. & Tel., Inc.,* 54 F.3d 1488, 1508 (10th Cir.1995).  28 U.S.C. § 455 requires recusal when such circumstances arise.  *Hinman v. Rogers,* 831 F.2d 937, 939 - 40 (10th Cir.1987).  Stated differently, § 455 requires a judge to recuse himself from a case when his participation in the case creates an appearance of impropriety.  *U.S. v. Pearson*, 203 F.3d 1243, 1264 (10th Cir. 2000) (citation omitted).  However, a  "judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman,* 831 F.2d at 939 - 40 (citation omitted).

In this case, the plaintiff claims that Magistrate Judge Boland and I have exhibited bias and prejudice against her because we disagree with her reading of the applicable law, and have entered a ruling against her on that basis.  This does not constitute a basis on which a reasonable person armed with the relevant facts would harbor doubts about my impartiality or the impartiality of Magistrate Judge Boland.  The plaintiff's motion to recuse is denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff Shell's Verified Motion to Reconsider** [#26], filed February 16, 2007, is **DENIED**.

Dated June11, 2007, at Denver, Colorado.

                                                         **BY THE COURT:**

                                                         **s/ Robert E. Blackburn**
                                                         **Robert E. Blackburn**
                                                         **United States District Court**